UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH L. JOHNSON, JR.,              )
                                      )
        Plaintiff,                    )
                                      )
                                      )      3   0 9    0 0 2 8 '
                                      )
v.                                    )         No. 3:08mc0298
                                      )         Judge Campbell
MICHAEL W. CATALANO, ET AL.,          )
                                      )
        Defendants.                   )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Northwest

Correctional Complex in Tiptonville, Tennessee. He brings this action under 42 U.S.C. § 1983

against Michael W. Catalano, Tennessee Appellate Court Clerk, and nine Tennessee appellate

Judges/Supreme Court Justices. The plaintiff alleges that the defendants have violated his rights

under the First and Fourteenth Amendments. Seeking injunctive and declaratory relief, the plaintiff

asks the district court to intervene on his behalf in his ongoing criminal appeal.

The plaintiff's claims stem from an order entered on November 14, 2007 that denied his

request to proceed *pro se* on appeal from his criminal conviction. (Docket Entry No. 1, pp. 7-9;

Attach. Ex. 1)[1] The plaintiff is represented by counsel. (Docket Entry No. 1, p. 7) The plaintiff

asserts that his subsequent request to file a *pro se* appellate brief in the Tennessee Court of Criminal

Appeals was denied. (Docket Entry No. 1, pp. 9-13) The plaintiff asserts further that the defendants

have entered into a conspiracy to deny his *pro se* request to supplement the brief on appeal, the

conspiracy culminating when the Tennessee Supreme Court denied his request for extraordinary

---

[1] The paragraph numbering in the complaint is inconsistent/inaccurate throughout. Therefore, only page
numbers are used in referring to the complaint.

relief. (Docket Entry No. 1, pp. 13-17; Attach. Ex. 2) Finally, the plaintiff avers that the defendant Judges and Justices do not have jurisdiction in his case, because their appointments were contrary to Tennessee law. (Docket Entry No. 1, ¶ 17)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998) Both parts of this two-part test must be satisfied to support a claim under § 1983 *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted 28 U.S.C § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)

It is apparent from the complaint and attached documents that the plaintiff's criminal case is pending on appeal. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not interfere in ongoing state criminal proceedings begun prior to the institution of a federal suit except in the very unusual situation where an injunction is necessary to prevent both immediate and great irreparable injury. *Id.* at p. 46. The Supreme Court grounded its decision on principles of equity and on notions of comity, to which it gave the name, "Our

2

Federalism." According to the Supreme Court, "Our Federalism" represents "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id.* at p. 45. *Younger* stands for the proposition that, in cases seeking to enjoin ongoing state criminal proceedings, federal courts should not exercise jurisdiction but instead should dismiss the cases in their entirety. *See Watts v. Burkhart* 854 F.2d 839, 844 (6th Cir. 1988)(citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)(*Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both sate and federal, to the state courts")).

The facts alleged do not warrant the Court's intervention in the ongoing state criminal proceedings against the plaintiff. Therefore, under *Younger*, the Court is without jurisdiction to address the plaintiff's claims in this action. Because the Court is without jurisdiction in this action, the complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

Todd Campbell
United States District Judge

3